JAMES DAL BON
CA BAR #157942
LAW OFFICES OF JAMES DAL BON
28 NORTH 1ST SUITE 210
SAN JOSE, CA 95113
TEL (408)297-4729
FAX (408)297-4728

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HECTOR NELEGLATTI

Plaintiff,

vs.

DAVID KAIMI NIEMAN AND DOES 1-10

Defendants

Case No: C08 03721 HRL

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:
1) Violation of California Labor Code Section 510;
2) Violations of the Federal Fair Labor Standards Act;
3) Violation of California Business and Professions Code Section 17200; and
4) Violation of California Labor Code Section 201; and
5) Violation of California Labor Code Section 226.

## NATURE OF CLAIM

This is an action on behalf of HECTOR NELEGLATTI against DAVID KAIMI AND DOES 1-10 during the last four years prior to the filing of this Complaint, seeking damages arising from employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes. Plaintiff seeks compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under

COMPLAINT - 1

California Labor Code Section 226, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

## PARTIES

1. At all times relevant herein, Plaintiff Hector Neleglatti is an individual resident of San Jose, California.

2. At all times relevant herein, Defendant DAVID KAIMI NIEMAN is an individual doing business as a supplier of granite and contractor across the state of California.

3. Individual Defendant DOES 1-10, at all times relevant herein, are, according to information and belief, owners, managers, directors, associates, related to, or employees of DAVID KAIMI NIEMAN having control over the Plaintiff's work condition and work situation.

## GENERAL ALLEGATIONS

4. At all times relevant herein, Plaintiff was an employee of Defendant DAVID KAIMI NIEMAN.

5. Plaintiff was according to information and belief, an employee of Defendant acting in the normal course and scope of his employment duties with Defendant.

6. During the course of Plaintiff's employment with Defendant, Plaintiff regularly worked in excess of 8 hours per day and more than 40 hours per week.

7. Plaintiff was paid on a per piece basis.

8. Plaintiff did not perform "exempt" duties in his position as a construction worker with Defendant and thus was not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209*. The Plaintiff was not even marginally responsible for management or administrative functions, and his primary job did not require him to exercise independent discretion and judgment or regularly require

invention or imagination in a recognized field of artistic endeavor more than fifty percent of his working time.

9. At no time during the Plaintiff's employment did Plaintiff maintain any professional license with the state or practice any recognized profession, nor did Plaintiff exclusively manage any division of Defendant's construction business where he customarily and regularly exercised discretionary powers or perform services of management. Plaintiff did not directly supervise any employees nor did he participate in the development of general administrative policies of DISH DASH LLC.

## COUNT ONE: VIOLATION OF CA LABOR CODE SECTION §510
## FAILURE TO PROPERLY PAY OVERTIME WAGES

10. Plaintiff re-alleges s and incorporates paragraphs 1-9 as if fully stated herein.

11. California Labor Code Section 501, applicable at all times relevant herein to Plaintiff's employment by Defendant, provides that all employees is entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

12. During the course of employment with Defendant, Plaintiff regularly worked in excess of 8 hours a day and 40 hours per week, however Defendant's knowingly and willingly failed to pay Plaintiff overtime wages as required by law.

13. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

14. Defendant therefore owes Plaintiff overtime wages not properly paid to Plaintiff in an amount to be determined at trial.

15. Defendant have failed and refused and continue to fail and refuse to pay Plaintiff the amount owed.

16. Defendants' failure to pay Plaintiff the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

17. Pursuant to Labor Code Section 1194(a), Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred by him in this action.

## COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PROPERLY PAY OVERTIME WAGES

18. Plaintiff re-alleges and incorporates paragraphs 1-17 as if fully stated herein.

19. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiff was individual employees covered by virtue of Plaintiff's direct engagement in interstate commerce.

20. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

21. Although Plaintiff was not so exempt during employment with Defendant, and Defendant knowingly caused and permitted Plaintiff to regularly work in excess of forty hours per week without paying Plaintiff one and one half of Plaintiff's regular rate of pay.

22. By not paying overtime wages in compliance with the FLSA, Defendant violated Plaintiff's rights under the FLSA.

23. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages.

24. Defendant intentionally, with reckless disregard for his responsibilities under the FLSA, and without good cause, failed to pay Plaintiff proper wages, and thus Defendant is liable to Plaintiff for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

25. Defendant therefore owes Plaintiff overtime not properly paid to Plaintiff, in an amount to be determined at trial.

26. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

## COUNT THREE: VIOLAITON OF CA LABOR CODE SECTION 201 FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

27. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-26 as if fully stated herein.

28. At the time Plaintiff's employment with Defendant was terminated, defendant's owed Plaintiff certain unpaid overtime wages in amounts previously alleges d.

29. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

30. As of this date, Defendant have failed and refused, and continue to fail and refuse, to pay the amount due, thus making Defendant liable to Plaintiff for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

## COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200 UNFAIR BUSINESS PRACTICES

31. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-30 as if fully stated herein.

32. At all times relevant herein, Plaintiff's employment with Defendant was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for

work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

33. At all times relevant herein, as the employer of Plaintiff, Defendant was subject to the California Unfair Trade Practices Act (California Business and Professions Code §§17000 et seq.), but failed to pay the Plaintiff overtime pay as required by applicable California Labor Code and applicable Wage Orders.

34. During the period Plaintiff was employed with Defendant, Defendant failed to pay Plaintiff legally required overtime pay to which he was legally entitled, with Defendant keeping to themselves the amount which should have been paid to Plaintiff.

35. In doing so, Defendant violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom Defendant was in competition and who was in compliance with the law.

36. As a direct and proximate result of defendants' violations and failure to pay the required overtime pay, the Plaintiff's rights under the law was violated and the Plaintiff incurred general damages in the form of unpaid wages in an amount to be determined at trial.

37. Defendant had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiff overtime pay due.

38. Plaintiff, having been illegally deprived of the overtime pay to which he was legally entitled, herein seeks restitution of such wages pursuant to the Business and Professions Code §17203 in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

39. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in an amount to be determined;

40. For liquidated damages per the FLSA equal to unpaid overtime wages in an amount to be determined at trial;

41. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

42. For waiting time penalty damages of thirty days wages to Plaintiff, pursuant to California Labor Code § 203 in an amount to be determined at trial;

43. or pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

44. Plaintiff asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

45. For costs of suit herein; and

46. For such other and further relief as the Court may deem appropriate.

AUGUST 1, 2008

| | |
|---|---|
| 1 | |
| 2 | JAMES DAL BON<br>LAW OFFICES OF JAMES DAL BON<br>28 NORTH 1ST STREET<br>SUITE 210,<br>SAN JOSE, CA 95113 |
| 3 | |
| 4 | |

JS 44 Rio. CALIF (Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

**ADR**

**E-FILING**

### I.(a) PLAINTIFFS
HECTOR NELEGLATTI

### DEFENDANTS
DAVID KAIMI NIEMAN AND DOES 1-10

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Law Offices of James Dal Bon
28 North 1st Street Suite 210, San Jose, CA 95113

ATTORNEYS (IF KNOWN)

C08  03721  HRL

### II. BASIS OF JURISDICTION (PLACE AN "•" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "•" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN "•" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "•" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | **PERSONAL PROPERTY** | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☑840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐371 Truth in Lending | ☐690 Other | | ☐850 Securities/Commodities/ Exchange |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liability | ☐380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☑710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | | | ☐720 Labor/Mgmt Relations | ☑862 Black Lung (923) | ☐892 Economic Stabilization Act |
| | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐894 Energy Allocation Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐895 Freedom of Information Act |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | ☐791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | ☐870 Taxes (US Plaintiff or Defendant) | ☐950 Constitutionality of State Statutes |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | ☐871 IRS - Third Party 26 USC 7609 | ☐890 Other Statutory Actions |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights | | | |
| ☐290 All Other Real Property | | ☐555 Prison Condition | | | |

### VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
29 U.S.C. 209, et seq.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 45,000.00
☐ CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "•" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND   ☑ SAN JOSE

DATE 8/1/08

SIGNATURE OF ATTORNEY OF RECORD